UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEWAYNE T. EMBERTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-02393-JPH-MG |
| | ) |
| CHASE WINKLE, | ) |
| CITY OF MUNCIE, | ) |
| | ) |
| Defendants. | ) |

**SCREENING ORDER**

Plaintiff, Dewayne Emberton, alleges that Defendants violated his constitutional rights during his arrest on May 22, 2018. Dkt. 1-1 at 6–8. Because Mr. Emberton is a prisoner under 28 U.S.C. § 1915A, the Court must screen his complaint. After screening, the Court finds that the complaint must be **DISMISSED**. Mr. Emberton shall have until **May 28, 2021** to show cause why the Court should not dismiss his action with prejudice.

**I.
Screening Standard**

Under 28 U.S.C. § 1915A, the Court must dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). In determining whether the amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule

1

of Civil Procedure 12(b)(6).  *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).  To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Pro se* complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.  *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II.
## Facts and Background

Mr. Emberton's factual allegations are accepted as true and given the benefit of all reasonable inferences.  *Orgone Capital III, LLC v. Daubenspeck*, 912 F.3d 1039, 1044 (7th Cir. 2019).

Mr. Emberton brings this action under 42 U.S.C. § 1983, alleging that Defendants Chase Winkle and the City of Muncie violated his Fourth and Fourteenth Amendment rights when he was arrested on May 22, 2018.  Dkt. 1-1 at 6–8.  He contends that Officer Winkle, a Muncie police officer, used excessive force in his arrest by threatening him and inflicting bodily harm.  *Id.* at 7.  Mr. Emberton claims that, while he was walking with friends, Officer Winkle jumped out of an unmarked black SUV, chased him, and used his Taser.  *Id.* at 6–7.  Officer Winkle then jumped on Mr. Emberton's back, used a

"drive stun technique,"[1] and put Mr. Emberton in handcuffs. *Id.* Officer Winkle punched Mr. Emberton in the back of the head, started to yell at him, and said that "he could kill [him]." *Id.* Mr. Emberton also contends that, prior to the arrest, Officer Winkle harassed a woman who had just left Mr. Emberton's home. *Id.*

Additionally, Mr. Emberton alleges that, since Officer Winkle's father was Muncie's chief of police, the City let "Chase Winkle g[e]t away with numerous actions." *Id.* at 8. He also contends that three Muncie police officers, including Officer Winkle, "physically assault[ed] four people between March 2018 and February 2019." *Id.*

Based on these facts, Mr. Emberton asserts five claims against Officer Winkle: (1) excessive force; (2) fear and emotional stress; (3) a Fourth Amendment violation; (4) deprivation of rights; and (5) harassment. *Id.* at 6. Mr. Emberton also raises two claims against the City of Muncie: (6) Muncie failed to "screen claims" against Officer Winkle and (7) failed to "train, supervise, or discipline" its police officers. *Id.*

The facts relating to the procedural background of this case are undisputed. Mr. Emberton filed his complaint in the Delaware County, Indiana, court on May 4, 2020, *id.*, and furnished summonses for Officer Winkle on August 25 and for Muncie on September 9, *id.* at 14, 21. Muncie

---

[1] As opposed to firing "two probes that are connected to the Taser gun" which "make contact with the body," a "drive-stun" technique is when "the operator presses the Taser to a subject's body and then pulls the trigger to emit a current." *Cyrus v. Town of Mukwonago*, 624 F.3d 856, 860 n.1 (7th Cir. 2010).

removed the case to this Court on September 15, dkt. 1, and moved to dismiss for failure to state a claim based on the applicable statute of limitations, dkt. 7. The complaint is ready for screening under 28 U.S.C. § 1915A(b).

### III.
### Discussion

Claims may be dismissed at screening when it is clear on the face of the complaint that they are barred by a statute of limitations. *See Dickens v. Illinois*, 753 F. App'x 390, 392 (7th Cir. 2018) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)). Section 1983 claims in Indiana are subject to a two-year statute of limitations. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012) (citing Ind. Code § 34-11-2-4). The Indiana Rules of Trial Procedure govern whether Mr. Emberton filed his suit in time since he originally filed suit in state court. *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 (7th Cir. 2001) ("Federal courts may apply state procedural rules to pre-removal conduct."); Fed. R. Civ. P. 81(c) (stating that the Rules govern only "after removal").

Under Indiana Rule of Trial Procedure 3, "[a] civil action is commenced by filing with the court a complaint . . . , by payment of the prescribed filing fee or filing an order waiving the filing fee, and, where service of process is required, by furnishing to the clerk as many copies of the complaint and summons as are necessary." *Ray-Hayes v. Heinamann*, 760 N.E.2d 172, 173–75 (Ind. 2002) (holding that summons must be tendered within the statute of limitations), *clarified on reh'g*, 768 N.E.2d 899 (Ind. 2002). Despite the potential for "harsh result[s]," a suit must be commenced under Rule 3 before

the statute of limitations expires. *Hortenberry v. Palmer*, 992 N.E.2d 921, 922, 926 (Ind. Ct. App. 2013) (applying this "bright-line rule" by holding that a plaintiff who paid $2 less than the filing fee did not timely file); *see also Smith v. Haggard*, 22 N.E.3d 801, 804 (Ind. Ct. App. 2014) (finding that tendering summonses two days late failed "bright-line" test); *City of Indianapolis v. Maynard*, No. 49A02-1710-MI-2300, 2018 WL 3488156, at *5 (Ind. Ct. App. 2018) (holding that not tendering summons makes suit untimely).

Here, the Court understands all of Mr. Emberton's claims to arise from his arrest on May 22, 2018.[2] He filed his complaint on May 4, 2020, dkt. 1-1 at 6, and was approved for a fee waiver on May 11, 2020, *id.* at 4. He did not furnish summonses to the Delaware County Clerk's Office until August 25, 2020 and September 9, 2020. *Id.* at 14, 21. Because the two-year statute of limitations expired on May 22, 2020, *see* Ind. Code § 34-11-2-4, Mr. Emberton did not commence his suit within the statute of limitations period. *See Ray-Hayes*, 760 N.E.2d at 173.

Mr. Emberton argues that the Court should consider his summonses timely because he sent letters to the Delaware County Clerk's Office. Dkt. 14-1. He contends that the letters show that the Delaware County Clerk's Office is responsible for the delay in his tendering of summonses. *See* dkt. 14. While the Court is understanding of Mr. Emberton's position, Indiana Rule of Trial Procedure 3 is a "bright-line rule" that leaves courts with "no discretion" to

---

[2] If Plaintiff's claims alleged actionable misconduct separate from the May 22, 2018, arrest, he may file an amended complaint consistent with the instructions at the end of this Order.

"determine what constitutes substantial compliance." *Hortenberry*, 992 N.E.2d at 926. In other words, the Court must follow the requirements of Rule 3, including how it has been interpreted by Indiana courts.

Since Mr. Emberton failed to furnish summonses in time, his action is time-barred under the statute of limitations. Therefore, his § 1983 claims against Officer Winkle and Muncie are **dismissed**.

## IV.
## Conclusion

Mr. Emberton shall have **until May 28, 2021** to show cause why this action should not be **dismissed with prejudice** because each of the alleged claims is barred by the applicable statute of limitations or to file an amended complaint that sets forth factual allegations against the named defendants that occurred within two years of the date this action was filed. If Mr. Emberton does not respond or file an amended complaint by that date, his action will be dismissed with prejudice without further notice.

**SO ORDERED.**

Date: 4/29/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DEWAYNE T. EMBERTON
Delaware County Jail
3100 S. Tillotson Ave
Muncie, IN 47302

Tia J. Combs
FREEMAN MATHIS & GARY, LLP
tcombs@fmglaw.com

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP (New Albany)
jlowe@k-glaw.com

Casey C. Stansbury
FREEMAN MATHIS & GARY, LLP
cstansbury@fmglaw.com

Caitlin McQueen Tubbesing
FREEMAN MATHIS & GARY, LLP
ctubbesing@fmglaw.com