UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DEWAYNE T. EMBERTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-02393-JPH-MG |
| | ) | |
| CHASE WINKLE, | ) | |
| CITY OF MUNCIE, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff, Dewayne Emberton, has filed a motion to appoint counsel. Dkt. [32]. "Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel." *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, a litigant who is unable to afford counsel "may ask the court to recruit a volunteer attorney to provide pro bono representation." *Id.* (citing 28 U.S.C. § 1915(e)(1)).

"Two questions guide a court's discretionary decision whether to recruit counsel: (1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Id.* (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc)). The first inquiry—whether an indigent litigant reasonably attempted to get a lawyer—"is

a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021).

For the first question, Mr. Emberton states that he has contacted a lawyer from the ACLU without success. *See* dkt. 32 at 1–2; dkt. 32-1. Mr. Emberton has thus made some effort to obtain counsel, and he should continue that effort.

For the second question, a court considers whether the case's complexity "exceeds the . . . plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *See Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) (quoting *Pruitt*, 503 F.3d at 655). In his complaint, Mr. Emberton alleged that his May 22, 2018 arrest violated his constitutional rights. *See* dkt. 1 at 6–8; dkt. 31 at 3–5. However, at screening, the Court determined that the suit is time-barred by the applicable statute of limitations and gave Mr. Emberton additional time to show cause why the action should not be dismissed for that reason. Dkt. 31 at 6. Mr. Emberton's immediate task is thus not complex: he must show cause why the suit is not barred by the statute of limitations. *See id.* His filings to date show that he is capable of that task. *See, e.g.*, dkt. 12; dkt. 14; dkt. 22; dkt. 32; dkt. 33.

In his motion to recruit counsel, Mr. Emberton argues that he does not "have the knowledge and access to study the case as a professional." Dkt. 32 at 1. "That alone, however, does not help the Court determine whether the case's complexity exceeds his capacity to present it because nearly all *pro se* litigants lack legal degrees." *Buchanan v. Schriver*, No. 2:20-CV-00691-JPH-

MJD, 2021 WL 1890316, at *1 (S.D. Ind. May 3, 2021).  Mr. Emberton also claims that he "has limited access to . . . [the] law library for inmates," dkt. 32 at 2, but he has not provided details on that limited access or on what additional information he seeks.  Moreover, any delay associated with limited access to the law library may be addressed through a motion for extension of time, which Mr. Emberton has already taken advantage of.  *See* dkt. 34 (Mr. Emberton's motion for extension of time granted).

Because Mr. Emberton has not shown that this case exceeds his capacity to present it, his motion for assistance in recruiting counsel is **DENIED without prejudice.**

**SO ORDERED.**

Date: 5/27/2021

James Patrick Hanlon
United States District Judge
Southern District of Indiana

3

Distribution:

DEWAYNE T. EMBERTON
Deleware County Jail
3100 S. Tillotson Ave
Muncie, IN 47302

Tia J. Combs
FREEMAN MATHIS & GARY, LLP
tcombs@fmglaw.com

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP (New Albany)
jlowe@k-glaw.com

Casey C. Stansbury
FREEMAN MATHIS & GARY, LLP
cstansbury@fmglaw.com

Caitlin McQueen Tubbesing
FREEMAN MATHIS & GARY, LLP
ctubbesing@fmglaw.com